# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

| | |
|---|---|
| JIMMY CULBERT, | PETITIONER |
| V. | NO. 4:04CV382-M-B |
| DISCIPLINARY COMMITTEE, ET AL, | RESPONDENTS |

## O P I N I O N

This cause comes before the court on the *pro se* petition of Jimmy Culbert for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner states that he was wrongfully punished by a prison disciplinary committee on August 30, 2004, and was punished by being placed in lockdown and having "good time" credit taken away. .

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

The first determination that must be made is whether this action should be handled as a habeas corpus petition or a complaint pursuant to 42 U.S.C. § 1983. Any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under § 1983. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). The relief sought by the prisoner or the label he places upon the action is not the governing factor. *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir.).

The United States Court of Appeals for the Fifth Circuit has ruled that a habeas corpus petition is the proper method for a prisoner to challenge the calculation of his time credits. *Whitehead v. Johnson*, 157 F.3d 384 (5th Cir. 1998). Since this petition challenges how petitioner's time credits will be calculated, it is properly filed as a habeas corpus petition.

It is well-settled that a state prisoner seeking habeas corpus relief in federal court is first required to exhaust available state remedies. 28 U.S.C. § 2254(b) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982). More specifically, a petitioner must present his claims to the state courts in such a fashion as to afford those courts a fair opportunity to rule on the merits. *Picard v. Conner*, 404 U.S. 270 (1971); *Dispensa v. Lynaugh*, 847 F.2d 211, 217 (5th Cir. 1988). A habeas corpus petitioner must provide the state's highest court with a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988) (*citing Carter v. Estelle*, 677 F.2d 427, 443-44 (5th Cir. 1982)). *See also*, Whitehead, supra.

Petitioner has furnished no indication whatsoever that he has presented his case to the state court system of Mississippi, and certainly no evidence that he has "provide[d] the state's highest court with a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief." Therefore, he is not eligible to proceed in the federal district court.

A final judgment in accordance with this opinion will be entered.

THIS the 10th day of May, 2005.

                                                 **/s/ Michael P. Mills**
                                                **UNITED STATES DISTRICT JUDGE**